UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20800-CR-MORENO/LOUIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAQUILLA HUNTER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter arose on a Petition seeking modification of the conditions of supervised release imposed on Defendant Daquilla Hunter (ECF No. 28). The Honorable Federico A. Moreno, United States District Judge referred this matter to the undersigned to submit a Report and Recommendation (ECF No. 27). Following several hearings and for the reasons stated below, the undersigned RECOMMENDS that the Petition be DISMISSED.

**I.    Background**

On April 6, 2018, Ms. Hunter was sentenced to serve a term of 60 months of probation. Ms. Hunter was ordered to pay restitution in the amount of $4,135.49 at a rate of $68.75 per month; a special assessment of $300 was also imposed.

When Ms. Hunter began her probation, she was unemployed and supported by her boyfriend. By September 2018, Ms. Hunter was over $300 in arrears on the restitution payments. Ms. Hunter made a single payment, in October 2018, which was credited toward the special assessment. United States Probation Officer (USPO) Cheryl Allen, Ms. Hunter's supervising Officer, visited her in October 2018 at her home and explained that the balance of the special assessment remained due, and that Ms. Hunter needed to make a payment towards the restitution balance. Officer Allen offered employment resources

1

available to aid Ms. Hunter's job search and in November of 2018, Ms. Hunter participated in job searches facilitated by USPO Allen.

By February 2019, with no success in finding employment, Ms. Hunter had still made no restitution payments as ordered. USPO Allen again referred Ms. Hunter to employment search specialists to help her find employment. In May of 2019, Ms. Hunter reported to USPO her circumstances had caused her to experience depression. She failed to report to USPO Allen as directed on May 21, 2019, and failed to attend a scheduled job interview.

## II.     The Petition

USPO Petitioned the Court for modification of conditions of supervision on June 7, 2019. The Petition alleges three violations: failure to pay Court-ordered restitution payments of $68.75 per month; failing to report to the Officer as directed; and failing to work regularly at a lawful occupation. The Court signed the Petition on June 21, 2019, and issued a summons for Ms. Hunter's appearance.

## III.    Proceedings on the Petition

Ms. Hunter first appeared before the undersigned on July 10, 2019, represented by counsel. Ms. Hunter was advised of the alleged violations pending in the petition. A bond was set and, without objection from the Government, a status conference was scheduled in lieu of then setting an evidentiary hearing on revocation.

The undersigned conducted a subsequent hearing on November 18, 2019. Ms. Hunter again appeared in person, represented by counsel. She represented that she had found a full-time job and would begin the following day. She anticipated that her first paycheck would be received the following month, in December. Officer Allen corroborated Ms. Hunter's employment status. In light of her anticipated new income, Officer Allen requested no modification in Ms. Hunter's monthly restitution obligation, and pledged to work with Ms. Hunter to get her into compliance by January. With agreement from all counsel, a final hearing was scheduled for January.

The final hearing was conducted on January 21, 2020. Ms. Hunter again appeared, represented

by counsel. Officer Allen provided the Court with an update on Ms. Hunter's compliance: Ms. Hunter had started working at a full-time job. Ms. Hunter had caught up the back-payments that were due on her restitution and anticipated making her next payment the following week. She reported no issues with supervision. Officer Allen requested that the Petition be dismissed, that Ms. Hunter continue with supervision without modification, and consistent with the Court's remarks made at the time of sentencing, that termination of supervision be considered once Ms. Hunter pays off the balance of restitution owed ($2,779.85). The Government supported Officer Allen's request. No evidence was presented at the hearing in support of the alleged violations in the petition.

## IV.     Recommendation

Considering the circumstances surrounding Ms. Hunter's alleged non-compliance, willingness to accept the assistance provided by her supervising officer, success in achieving compliance with her monetary obligations, and absence of evidence to support the violations alleged, the Court RECOMMENDS that the petition be DISMISSED.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days to serve and file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. Failure to file objections by that date shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1.

**DONE AND ORDERED** in Chambers this 4th day of May, 2020.

_____
LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE

Copies Furnished To:
The Hon. Federico A. Moreno
Counsel of Record